### U.S.A. PRECISION MACHINING CO., Appellant,

v.

### William S. MARSHALL, Appellee.

### William S. Marshall, Appellant,

v.

### U.S.A. Precision Machining Co., Appellee.

### No. 01–01–00818–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 7, 2002.

Rehearing Overruled Jan. 9, 2003.

Douglas R. Drucker, Karen D. Smith, Drucker, Rutledge, Ward & Smith, The Woodlands, for Appellant.

Peter Costea, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

TIM TAFT, Justice.

Appellant, U.S.A. Precision Machining Co., appeals a jury verdict that U.S.A. Precision breached a commission agreement with appellee, William S. Marshall. In U.S.A. Precision's appeal, we address (1) whether the trial court erred in excluding evidence of Marshall's prior murder conviction that had been set aside upon motion for new trial and (2) whether U.S.A. Precision preserved its complaint that the evidence is legally and factually insufficient to support the jury's implied finding that any agreement existed between the parties. In Marshall's appeal, we address whether the trial court's reduction of the jury's award of attorney's fees, apparently based on a contingency-fee agreement, was an abuse of discretion. We reverse that portion of the judgment in which the trial court remitted attorney's fees, modify the judgment to reinstate the jury's award of attorney's fees, and affirm the trial court's judgment as so modified.

### Facts

Marshall was employed as a machinist at U.S.A. Precision from June 1997 until February 1999 and was paid a commission for each job. After Marshall noticed he had received different commissions on nearly identical jobs, he sued U.S.A. Precision for breach of contract. U.S.A. Precision counterclaimed against Marshall for breach of contract, seeking the amount U.S.A. Precision had overpaid Marshall in commissions and the value of certain uniforms Marshall

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

had failed to return at the termination of his employment.

The suit was tried to a jury, which returned a verdict that U.S.A. Precision breached the commission agreement. The jury awarded Marshall $54,953.00 in unpaid commissions and $29,478.50 in attorney's fees. U.S.A. Precision filed a unified motion for judgment notwithstanding the verdict, for judgment disregarding jury findings, and for remittitur. The trial court granted only the motion for remittitur and reduced the award of attorney's fees to $21,966.40, apparently based on the contingency agreement between Marshall and his attorney.

### U.S.A. Precision's Appeal

In two points of error, U.S.A. Precision argues (1) the trial court erred in excluding evidence of Marshall's prior murder conviction and (2) the evidence is legally and factually insufficient to support the jury's implied finding that any agreement existed between the parties.

### A. Exclusion of Evidence of Marshall's Conviction

In its first point of error, U.S.A. Precision claims it was entitled to introduce evidence of Marshall's prior murder conviction for two reasons: (1) to impeach Marshall's credibility for truthfulness pursuant to Texas Rule of Evidence 609 and (2) to clarify the false impression Marshall created by testifying that he was continuously employed and living with his parents during the time he was actually incarcerated.

### 1. Standard of Review

The decision to admit evidence rests within the discretion of the trial court. *E.I. du Pont de Nemours & Co., Inc. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). The test for abuse of discretion is whether the trial court acted without reference to

any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). A reviewing court cannot conclude that a trial court abused its discretion just because, in the same circumstances, the reviewing court would have ruled differently or because the trial court committed a mere error in judgment. *Loftin v. Martin,* 776 S.W.2d 145, 146 (Tex.1989).

### 2. Rule 609

U.S.A. Precision contends it was entitled to introduce evidence of Marshall's prior conviction to impeach Marshall's credibility for truthfulness. U.S.A. Precision also argues the trial court abused its discretion by excluding evidence of Marshall's prior conviction without enunciating reasons for the exclusion.

Convictions for crimes involving felonies may be admissible in civil cases to impeach a witness's credibility for truthfulness if the probative value outweighs its prejudicial effect. *See* TEX.R. EVID. 609(a). A witness's credibility may not be impeached by evidence of conviction of a felony if 10 years have elapsed since the date of conviction or release from confinement, unless the court determines that, in the interest of justice, the probative value of the conviction, supported by *specific facts and circumstances, substantially* outweighs its prejudicial effect. TEX.R. EVID. 609(b) (emphasis added).

■ Marshall pled guilty to murder in May 1983 and was sentenced to life in prison. In July 1984, Marshall was granted a new trial. On August 30, 1985, the State moved to dismiss the case, and the motion was granted. Marshall argues that his conviction is not a final conviction as required under Rule 609. *See* TEX.R. EVID. 609(e) ("Pendency of an appeal renders evidence of a conviction inadmissible."); *Poore v. State,* 524 S.W.2d 294, 296 (Tex.

Crim.App.1975) ("A conviction which has been reversed is not a final conviction and therefore cannot be used for impeachment"). We agree with Marshall. If neither a conviction that has been reversed nor a conviction pending on appeal is a final conviction, then a conviction for which a new trial has been granted and the case dismissed is not a final conviction under Rule 609. We hold the trial court did not abuse its discretion by preventing impeachment under Rule 609 with a conviction that was not a final conviction.[1]

### 3. False–Impression Exception

U.S.A. Precision also contends the trial court erred by excluding evidence of Marshall's prior conviction because U.S.A. Precision was entitled to clarify the false impression Marshall created by testifying that he had been continuously employed and living with his parents when he was actually incarcerated.

Prior to trial, Marshall testified in his deposition that he had lived with his parents "pretty much" from 1983 to 1986. On direct examination at trial, Marshall testified he had worked in the machining industry for the last 20 years of his life and had been continuously employed since the 1970s. During cross-examination, U.S.A. Precision's counsel questioned Marshall about his work history leading up to the 1980s. Marshall's counsel asked to approach the bench and requested a ruling on the admissibility of Marshall's prior conviction for murder and subsequent incarceration from 1983 to 1986. At a hearing outside the presence of the jury, U.S.A. Precision argued that Marshall had opened the door for U.S.A. Precision to introduce evidence of his conviction by creating the false impression through his deposition and trial testimony that he had continuously worked and lived with his parents during the period he was incarcerated. The trial court refused to allow U.S.A. Precision to impeach Marshall with the conviction evidence and instead ruled that, if necessary, U.S.A. Precision could impeach Marshall by his deposition testimony only. When cross-examination resumed, U.S.A. Precision's counsel asked Marshall if he was unemployed from 1983 to 1986, and Marshall answered that he had been unemployed during this period. U.S.A. Precision also asked Marshall whether he had lived with his parents from 1983 through 1986, and Marshall answered he had been living with his parents only some of the time during this period. U.S.A. Precision then attempted to impeach Marshall using deposition testimony in which he had stated he had "pretty much" lived with his parents continuously from 1983 to 1986.

U.S.A. Precision contends Marshall opened the door for U.S.A. Precision to introduce the conviction evidence by creating the false impression that he had lived with his parents and continuously worked prior to the period he was employed by U.S.A. Precision. However, any false impression Marshall may have created on direct examination that he had been continuously employed during the period of his incarceration was later corrected on cross-examination, when Marshall specifically testified that he was unemployed from 1983 through 1986, the period of his

---

1. U.S.A. Precision also argues the trial court abused its discretion by excluding the conviction evidence without enunciating reasons for the exclusion, which U.S.A. Precision alleges is required by *Theus v. State*, 845 S.W.2d 874 (Tex.Crim.App.1992) (requiring the trial court, in criminal cases, to engage in an analysis that weighs the probative value versus the prejudice of the admission of conviction evidence). However, we do not address this argument because we have already held that the conviction was inadmissible for not being a final conviction as required by Rule 609.

incarceration. Further, U.S.A. Precision was allowed to use Marshall's deposition testimony, in which he stated he had lived with his parents "pretty much" continuously during his period of incarceration, to impeach his trial testimony that he had lived with his parents only part of this time.[2] Any false impression regarding Marshall's work history was corrected by Marshall's testimony on cross-examination, and, therefore, U.S.A. Precision has not shown any harm. *See* TEX.R.APP. P. 44.1; *Porter v. Nemir*, 900 S.W.2d 376, 381–82 (Tex.App.-Austin 1995, no writ) (holding that the exclusion of evidence is not reversible error unless the complaining party can demonstrate that the error caused the rendition of an improper judgment). Moreover, Marshall's trial testimony did not create the false impression that Marshall had lived continuously with his parents during the time he was incarcerated. Accordingly, we conclude that U.S.A. Precision cannot successfully rely on the false-impression exception to argue that the trial court erred in excluding the conviction evidence.

We overrule U.S.A. Precision's first point of error.

## B. Sufficiency of the Evidence

In its second point of error, U.S.A. Precision contends the trial court erred by entering judgment on the jury's findings that U.S.A. Precision had breached the agreement between the parties because the evidence was both legally and factually insufficient to show that any agreement existed between the parties.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds therefor. TEX.

R.APP. P. 33.1(a). To preserve a legal sufficiency challenge, a party must have specifically raised its complaint in an objection to the submission of a jury question, a motion for judgment notwithstanding the verdict, or a motion for new trial. *See* TEX.R.APP. P. 33.1; *Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex.1991). A motion for new trial is the appropriate method of preserving a factual sufficiency challenge on appeal. TEX.R. CIV. P. 324(b).

■ At trial, the jury answered the following questions:

Question No. 1: Which of the parties listed below do you find from a preponderance of the evidence failed to comply with the commission agreement in question?

A. USA

B. Marshall

Answer: USA

Question No. 2: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate "Marshall" for his damages, if any, that resulted from "USA's" failure to comply?

Answer: $54,953

Jury question one asked whether a breach had occurred, not whether a contract existed. The jury was not asked to determine the preliminary question of whether a contract existed. Similarly, the phrase "commission agreement" was not defined in the jury charge. U.S.A. Precision timely filed a unified motion for judgment notwithstanding the verdict and motion for judgment disregarding jury findings and a motion for new trial, both attacking the legal and factual sufficiency of the evidence to support the jury's answers to jury questions one and two concerning breach and

2. We note that the deposition testimony introduced by U.S.A. Precision appears to be more misleading than Marshall's trial testimony.

damages. In contrast, on appeal, U.S.A. Precision contends the trial court erred by entering judgment because the evidence was both legally and factually insufficient to show that any enforceable agreement existed.

Although the question of whether the parties had an agreement and the terms of this agreement was the central issue at trial, U.S.A. Precision did not argue below, in either of its two post-trial motions, that there was no evidence showing an enforceable agreement existed between the parties.[3] Therefore, U.S.A. Precision failed to preserve its legal and factual sufficiency challenge. *See Cal–Tex Lumber Co., Inc. v. Owens Handle Co., Inc.*, 989 S.W.2d 802, 810–11 (Tex.App.-Tyler 1999, no pet.) (holding appellant waived its legal sufficiency challenge to the jury's finding that it breached a contract because it failed to argue specifically in its motion for new trial that there was no evidence to show it had the ability to perform the obligations of the contract); *compare Holland v. Hayden*, 901 S.W.2d 763, 765 (Tex.App.-Houston [14th Dist.] 1995, writ denied) (finding appellant preserved his challenge to the factual sufficiency of the evidence supporting the jury's award of lost profits damages as "speculative" by arguing in his motion for new trial that this award was unsubstantiated by objective proof).

We overrule U.S.A. Precision's second point of error.

### Marshall's Appeal

In its appeal, Marshall argues only that the trial court abused its discretion by reducing the jury's award of attorney's fees.

◼ A court of appeals should uphold a trial court's remittitur only when the evidence is factually insufficient to support the jury's verdict. *Snoke v. Republic Underwriters Ins. Co.*, 770 S.W.2d 777, 778 (Tex.1989); *Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641 (Tex.1987). A remittitur will not be upheld on appeal unless the appellate court agrees with the trial court's implicit finding that the evidence was insufficient to support the jury's verdict. *Rio Grande Ltd. P'ship v. Mackechney*, 753 S.W.2d 815, 819 (Tex.App.-Houston [1st Dist.] 1988, no writ).

◼ At trial, Marshall's attorney testified that he had earned $29,487.50 in attorney's fees, having expended 168.5 hours of time, and that $175 per hour was a reasonable, necessary, and proper fee for services. This testimony was not rebutted. Further, on cross-examination, Marshall's attorney testified he had a one-third contingency-fee agreement with Marshall. The jury awarded Marshall $29,487.50 for attorney's fees through trial. U.S.A. Precision filed a motion for remittitur, arguing Marshall was entitled only to one-third of $54,953.00, the actual damages awarded by the jury, because of the one-third contingency-fee agreement between Marshall and his attorney. The trial court, without stating a reason, reduced the award of attorney's fees to $21,966.40.[4]

◼ Although a party's contingency-fee agreement should be considered by the

---

**3.** We also note that U.S.A. Precision has never argued, either here or below, that the trial court erred in rendering judgment because the preliminary issue of whether an agreement existed was never submitted to the jury. We thus make no comment on the correctness of such a challenge, had it been raised. *See* TEX.R.APP. P. 33.1 (preservation requirement);

*Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (appellate court may not reverse on unassigned error).

**4.** The trial court's award amounted to one third of the actual damages plus one third of the prejudgment interest.

factfinder, this agreement alone cannot support an award of attorney's fees. *See Firefighters' & Police Officers' Civil Serv. Comm'n of the City of Houston v. Herrera,* 981 S.W.2d 728, 735–36 (Tex.App.-Houston [1st Dist.] 1998, pet. denied) (upholding the jury's finding of attorney's fees based on evidence of the reasonable and proper fee for services actually rendered). U.S.A. Precision argues *Herrera* is distinguishable because, in *Herrera,* the attorney's fees calculated on an hourly basis were less than what the attorney's fees would have been under the contingency agreement; here, in contrast, the attorney's fees calculated on an hourly basis are greater than the attorney's fees under the contingency agreement. We agree there is a difference between the two cases, but the lesson of *Herrera* is that a jury's award of attorney's fees can be sustained only to the extent the award is supported by evidence of the actual value of the attorney's work. Here, the jury could have chosen to decrease the award of attorney's fees based on the proved-up, actual value of the attorney's work because there was a contingency-fee agreement for less, but the jury declined to do so. Because there is sufficient evidence to support the jury's award of attorney's fees, the trial court should have rendered judgment on the jury's award.

We sustain Marshall's sole point of error.

## Conclusion

We reverse the part of the trial court's judgment remitting Marshall's award of reasonable and necessary attorney's fees for preparation and trial. We modify that portion of the judgment to award $29,478.50, the amount of reasonable and necessary attorney's fees for preparation and trial found by the jury. We affirm the trial court's judgment as so modified.