TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00277-CV







Lee Marsalise and Roland Authement, Appellants



v.



Rae Wallace and Octus, Inc. d/b/a Pioneer Property Management, Appellees








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN103672, HONORABLE PAUL DAVIS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from a jury award of attorney's fees. We modify the judgment of
the district court to condition the award of appellate attorney's fees on appellees' success and
overrule appellants' remaining issues.


BACKGROUND


 Lee Marsalise owns fifty-percent of the property at Frontier Valley MobileHome Park in Travis County. Appellee Octus, Inc. d/b/a Pioneer Property Management (Pioneer)
was appointed manager of Frontier Valley in a Louisiana probate proceeding. Appellee Rae Wallace
is an employee at the Frontier Valley management office. Roland Authement was a tenant at
Frontier Valley who was evicted for failure to pay rent. Authement appealed his eviction to a Travis
County court-at-law, but the appeal was dismissed after he failed to pay the filing fee.

 Authement and Marsalise then filed a new lawsuit in Travis County district court
attempting to collaterally attack the eviction judgment. Pioneer answered and counterclaimed for
declaratory relief, breach of contract, and injunctive relief. The district court granted Pioneer's
motion for partial summary judgment and entered an order declaring that: (1) the justice court's
eviction judgment was final and unappealable prior to Marsalise and Authement's district court
lawsuit; (2) Marsalise and Authement's district court suit was groundless; (3) Authement was
required to make lease payments and other payments under his residential lease contract; (4) Pioneer
is entitled to manage Frontier Valley; (5) Authement is responsible for damages and losses caused
by the breach of his residential lease contract; and (6) Pioneer is entitled to recover its necessary and
reasonable attorney's fees. (1)

 The issue of attorney's fees was then submitted to a jury. Authement, who did not
appear at trial, and Marsalise were found to be jointly and severally liable for attorney's fees in the
amounts of $86,934.44 for preparation and trial of the case, $25,000 for an appeal to the court of
appeals, $10,000 for preparation and presentation of a petition of review to the supreme court, and
$5,000 if the supreme court granted review. (2) Additionally, Authement and Marsalise were ordered
to pay pre-judgment interest of $18,835.80. Marsalise filed a motion for new trial based solely on
lack of notice of the trial setting. The district court denied the motion, and this appeal followed.


DISCUSSION


 In their four points of error, appellants Roland Authement and Lee Marsalise claim
that the district court improperly assessed pre-judgment and post-judgment interest on attorney's
fees, failed to condition an award of appellate attorney's fees on the success of the appeal, crafted
an ambiguous judgment, and relied on insufficient evidence.

 To preserve error for appeal, generally a party must make a timely, specific objection
or motion to the district court that states the grounds for the ruling sought with sufficient specificity
and in compliance with the rules of evidence or procedure. See Tex. R. App. P. 33.1. Authement
and Marsalise did not object to or otherwise raise their complaints regarding interest and the form
of the judgment in the trial court. See id. Nor did they object to the submission of attorney's fees
or otherwise present their legal sufficiency complaint. See id.; see also U.S.A. Precision Machining
Co. v. Marshall, 95 S.W.3d 407, 412 (Tex. App.--Houston [1st Dist.] 2002, pet. denied). They also
failed to raise the issue of factual sufficiency in a motion for new trial. See Tex. R. Civ. P. 324;
Cecil v. Smith, 804 S.W.2d 509, 510-11 (Tex. 1991). The only argument presented in Marsalise's
motion for new trial is related to notice of the trial setting. Appellants did not object or otherwise
raise the issues they present on appeal; therefore, most of their issues are waived. See Tex. R. App.
P. 33.1.

 However, appellants correctly contend that the district court erred in awarding
unconditional attorney's fees to Pioneer in the event of an appeal. See Thomas v. Cornyn, 71 S.W.3d
473, 491 (Tex. App--Austin 2002, no pet.). The award of appellate attorney's fees in this case must
be conditioned on the receiving party's success. Id. This error does not require reversal, but only
that the judgment be modified to condition the award. Id. Therefore, we modify the judgment to
reflect that the award of appellate attorney's fees is conditioned on Pioneer and Wallace's success
on appeal. We overrule appellants' remaining issues and affirm the judgment as modified.



__________________________________________

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Modified and, as Modified, Affirmed

Filed: May 12, 2005
1. Wallace was awarded attorney's fees related to a permanent injunction issued against
Authement after Authement allegedly made death threats against Wallace.
2. Authement was also ordered to pay attorney's fees related to his breach of the residential 
lease agreement.