# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00277-CV

**Lee Marsalise and Roland Authement, Appellants**

**v.**

**Rae Wallace and Octus, Inc. d/b/a Pioneer Property Management, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN103672, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a jury award of attorney's fees. We modify the judgment of the district court to condition the award of appellate attorney's fees on appellees' success and overrule appellants' remaining issues.

## BACKGROUND

Lee Marsalise owns fifty-percent of the property at Frontier Valley Mobile Home Park in Travis County. Appellee Octus, Inc. d/b/a Pioneer Property Management (Pioneer) was appointed manager of Frontier Valley in a Louisiana probate proceeding. Appellee Rae Wallace is an employee at the Frontier Valley management office. Roland Authement was a tenant at

Frontier Valley who was evicted for failure to pay rent. Authement appealed his eviction to a Travis County court-at-law, but the appeal was dismissed after he failed to pay the filing fee.

Authement and Marsalise then filed a new lawsuit in Travis County district court attempting to collaterally attack the eviction judgment. Pioneer answered and counterclaimed for declaratory relief, breach of contract, and injunctive relief. The district court granted Pioneer's motion for partial summary judgment and entered an order declaring that: (1) the justice court's eviction judgment was final and unappealable prior to Marsalise and Authement's district court lawsuit; (2) Marsalise and Authement's district court suit was groundless; (3) Authement was required to make lease payments and other payments under his residential lease contract; (4) Pioneer is entitled to manage Frontier Valley; (5) Authement is responsible for damages and losses caused by the breach of his residential lease contract; and (6) Pioneer is entitled to recover its necessary and reasonable attorney's fees.[1]

The issue of attorney's fees was then submitted to a jury. Authement, who did not appear at trial, and Marsalise were found to be jointly and severally liable for attorney's fees in the amounts of $86,934.44 for preparation and trial of the case, $25,000 for an appeal to the court of appeals, $10,000 for preparation and presentation of a petition of review to the supreme court, and $5,000 if the supreme court granted review.[2] Additionally, Authement and Marsalise were ordered

---

[1] Wallace was awarded attorney's fees related to a permanent injunction issued against Authement after Authement allegedly made death threats against Wallace.

[2] Authement was also ordered to pay attorney's fees related to his breach of the residential lease agreement.

2

to pay pre-judgment interest of $18,835.80. Marsalise filed a motion for new trial based solely on lack of notice of the trial setting. The district court denied the motion, and this appeal followed.

## DISCUSSION

In their four points of error, appellants Roland Authement and Lee Marsalise claim that the district court improperly assessed pre-judgment and post-judgment interest on attorney's fees, failed to condition an award of appellate attorney's fees on the success of the appeal, crafted an ambiguous judgment, and relied on insufficient evidence.

To preserve error for appeal, generally a party must make a timely, specific objection or motion to the district court that states the grounds for the ruling sought with sufficient specificity and in compliance with the rules of evidence or procedure. *See* Tex. R. App. P. 33.1. Authement and Marsalise did not object to or otherwise raise their complaints regarding interest and the form of the judgment in the trial court. *See id.* Nor did they object to the submission of attorney's fees or otherwise present their legal sufficiency complaint. *See id.*; *see also U.S.A. Precision Machining Co. v. Marshall*, 95 S.W.3d 407, 412 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). They also failed to raise the issue of factual sufficiency in a motion for new trial. *See* Tex. R. Civ. P. 324; *Cecil v. Smith*, 804 S.W.2d 509, 510-11 (Tex. 1991). The only argument presented in Marsalise's motion for new trial is related to notice of the trial setting. Appellants did not object or otherwise raise the issues they present on appeal; therefore, most of their issues are waived. *See* Tex. R. App. P. 33.1.

However, appellants correctly contend that the district court erred in awarding unconditional attorney's fees to Pioneer in the event of an appeal. *See Thomas v. Cornyn*, 71 S.W.3d

3

473, 491 (Tex. App—Austin 2002, no pet.). The award of appellate attorney's fees in this case must be conditioned on the receiving party's success. *Id*. This error does not require reversal, but only that the judgment be modified to condition the award. *Id*. Therefore, we modify the judgment to reflect that the award of appellate attorney's fees is conditioned on Pioneer and Wallace's success on appeal. We overrule appellants' remaining issues and affirm the judgment as modified.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Modified and, as Modified, Affirmed

Filed:  May 12, 2005