NUMBER 13-04-366-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

STEPHANIE MCCULLOUGH, INDIVIDUALLY

AND AS NEXT FRIEND OF MARY
CONSTANCE

MCCULLOUGH AND STEVEN MCCULLOUGH,

MINORS, ET AL.,                                                                           Appellants,

 

                                                             v.                                

 

WESTERN GECO, LLP AND TREK

INTERNATIONAL SAFARIS, INC.,                                        Appellees.

 

                   On
appeal from the County Court at Law No. 4

                                      of
Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

           Before
Chief Justice Valdez and Justices Castillo and Garza 

                            Memorandum
Opinion by Justice Garza

 








Appellants, Stephanie McCullough, et al., sued
appellees, Western Geco, LLP (AWestern@) and Trek International Safaris, Inc. (ATrek@), for negligent undertaking and negligent
misrepresentation following the death of Thomas McCullough from yellow
fever.  The case was tried to a jury,
which apportioned 70% of liability to Thomas. 
Based on this finding, the trial court entered a take-nothing judgment
against appellants from which appellants now appeal by three issues.  Because we conclude that the trial court
erred by including Thomas in the proportionate responsibility question without
requiring that the jury first determine that he was negligent or otherwise
culpable, we reverse the take-nothing judgment and remand for further
proceedings consistent with this opinion. 

In this case, the jury charge given by the trial
court asked the jury to (1) decide whether appellees were liable for negligent
undertaking, (2) decide whether appellees were liable for negligent
misrepresentation, and (3) determine the proportionate responsibility of
appellees and Thomas in causing the death of Thomas.  Appellants objected to the inclusion of
Thomas in the proportionate responsibility question and submitted a proposed
question that excluded Thomas from consideration.  See Tex.
R. Civ. P. 274.  The trial court
refused the requested question.  

Upon deliberation, the jury found for appellants on
the questions of negligent undertaking and negligent misrepresentation.  In answering the comparative negligence
question, the jury found that 20% of the negligence that caused Thomas=s death was attributable to Western, 10% to Trek,
and 70% to Thomas.      








Subsequently, appellants filed a motion to disregard
the jury=s answer to the proportionate responsibility
question as it related to Thomas.  They
argued, inter alia, that the jury=s findings of negligent undertaking and negligent
misrepresentation rendered immaterial the comparative negligence question as it
related to Thomas.  The trial court
overruled the motion to disregard, and appellants then filed a motion for new
trial, arguing, inter alia, that the verdict was conflicting.  The trial court denied the motion and this
appeal ensued.         

Section 33.001 of the Texas Civil Practice and
Remedies Code states that Aa claimant may not recover if his percentage of
responsibility is greater than 50 percent.@  Tex. Civ. Prac. & Rem. Code Ann. ' 33.001 (Vernon 1997).  Section 33.003 provides that the trier of
fact shall apportion responsibility Awith respect to each person=s causing or contributing to cause in any way the harm
for which recovery of damages is sought.@  Tex. Civ. Prac. & Rem. Code Ann. ' 33.003 (Vernon Supp. 2004B05).  Finally,
rule 277 gives the following instructions:

In any cause in which the jury is required to
apportion the loss among the parties the court shall submit a question or
questions inquiring what percentage, if any, of the negligence or causation, as
the case may be, that caused the occurrence or injury in question is
attributable to each of the persons found to have been culpable. 

 

Tex. R. Civ. P. 277 (emphasis added).

The problem in this case is that Thomas was not Afound to have been culpable@ before the jury was asked to apportion
responsibility to him.  Id.  Instead, the proportionate responsibility
question asked the jury to determine the existence of Thomas=s negligenceCto find him Ato have been culpable@Cat the same time that it asked the jury to apportion
responsibility to him.  This approach has
no support in the rules of procedure or the pattern jury charges.








Rule 277 states the jury is to apportion the loss
among Athe persons found to have been culpable.@  Id.  This means that a question on culpability
must precede the apportionment question. 
Only those parties Afound to have been culpable@ are then to be considered in the apportionment
question.  This is made clear in the
relevant portion of the Texas Pattern Jury Charges:

PJC 4.3          Proportionate
Responsibility

 

If you have answered AYes@ to Question ______ [applicable liability question]
for more than one of those named below, then answer the following
question.  Otherwise, do not answer the
following question.

 

*   *   *

 

QUESTION _____

 

What percentage of the negligence that caused the
[occurrence] [injury] [occurrence or injury] do you find to be attributable to
each of those listed below and found by you, in your answer to Question ______
[applicable liability question], to have been negligent?

 

a.  Don Davis ___________________ %

 

b.  Paul Payne           ___________________ %

 

c.  Sam
Settlor           ___________________ %

 

d. 
Responsible Ray___________________ %

 

     TOTAL                                 100                   %                 

 

Comm. on Pattern Jury
Charges, State Bar of Tex., Texas Pattern Jury Charges-  General Negligence PJC 4.3 (2003).

In this case, the charge used by the trial court did
not include the qualifying language Aeach of those listed below and found by you, in your
answer to Question ______ [applicable liability question], to have been
negligent.@  Id.  Instead, the charge asked, AWhat percentage of the negligence that proximately
caused the death of Thomas McCullough do you find to be attributable to each of
those listed below that you find to have been negligent?@  The charge
thus allowed the jury to find, for the first time in the proportionate
responsibility question, that Thomas had been negligent.   








In combining the question of Thomas=s negligence with the question of proportionate
responsibility, the trial court failed to achieve its goal of Asubmit[-ting] to the jury the issues for decision
logically, simply, clearly, fairly, correctly, and completely.@  Hyundai
Motor Co. v. Rodriguez, 995 S.W.2d 661, 664 (Tex. 1999).  The charge submitted by the court deviated
from rule 277, as well as from the relevant pattern jury charge, and its
submission to the jury, over the objections of appellants and despite their
submission of a correct question, amounted to an abuse of discretion.

After considering the pleadings, the evidence, and
the charge in its entirety, we have no doubt that the error probably caused the
rendition of an improper judgment.  See
Tex. R. App. P. 44.1(a).  The harmfulness of the error is most easily
observed by juxtaposing the jury=s answers to the three pertinent questions it was
asked.  In response to the negligent
undertaking question, the jury found that the negligence of appellees
proximately caused the death of Thomas McCullough.  In response to the negligent
misrepresentation question, the jury found that both defendants had Anegligently give[n] false information to Thomas
McCullough on which Thomas McCullough reasonably relied which was a proximate
cause of his death.@ 
Notwithstanding these findings, the jury later found Thomas to be 70%
responsible for his own death.  This
finding is particularly difficult to understand given that Thomas was found to
have Areasonably relied@ on
the false information negligently given to him by appellants and because the
jury found that Thomas=s reasonable reliance on the false information
proximately caused his death.    








This Court will not endeavor to reconcile what
appear to be irreconcilable answers.  We
nevertheless recognize that various explanations for these discrepancies could
be posited by those involved in this case. 
However plausible such explanations may appear, we have no confidence
that their plausibility negates the reality that the error in the jury charge
probably confused the jury and probably led to the rendition of an improper
judgment.  See id.  In our estimation, the error in the jury
charge probably made all the difference in this case.  Appellants= first
issue is therefore sustained. 

In two issues raised on condition that any of
appellants= issues are sustained, appellees seek to challenge
the legal and factual sufficiency of the evidence supporting the jury=s findings of negligent undertaking and negligent
misrepresentation.  Having sustained
appellant=s first issue, we now remand the matter for a new
trial.  We will not review the legal and
factual sufficiency of the evidence to support findings related to a judgment
that has already been reversed.  Even if
this were a proper occasion for such challenges to be reviewed, we would
dismiss appellees= cross-points because there is no indication in the
record that these issues were properly raised before the trial court by a
timely request, objection, or motion.  See
Tex. R. App. P. 33.1(a); Tex. R. Civ. P. 324(b)(2); Cecil v.
Smith, 804 S.W.2d 509, 510B11 (Tex. 1991); U.S.A. Precision Machining Co. v.
Marshall, 95 S.W.3d 407, 411 (Tex. App.BHouston
[1st Dist.] 2002, pet. denied).  The
judgment of the trial court is reversed and the cause is remanded for a new
trial. 

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and                                 

filed this the 8th day of December, 2005.