Dennis ROBERSON, Appellant,

v.

Benjamin COLLINS, Appellee.

No. 01–05–00471–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 3, 2006.

Jason Andrew Powers, Heather Ree Slay, Angela Marie Wood, Powers & Slay, Houston, TX, for Appellant.

James J. Hippard, Jr., Robert Oberholtzer, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

In this personal injury appeal, appellant, Dennis Roberson, challenges a judgment that awarded $24,825.50 in damages in favor of appellee, Benjamin Collins. In five issues on appeal, Roberson argues that (1) the jury erred in awarding past and future mental anguish damages; (2) the jury erred in awarding future physical impairment damages; (3) the trial court erred in admitting photographs of the damaged vehicle; and (4) the judgment of the trial court is defective because the reversible and non-reversible damages cannot be distinguished.

We affirm.

## Background

Collins filed suit for injuries he sustained after Roberson ran a red light and broadsided his car. Roberson stipulated that his negligence proximately caused the collision, and the parties proceeded to a jury trial on damages. The jury awarded (1) $5,000 in physical pain and mental anguish sustained in the past; (2) $5,000 for physical pain and mental anguish that will be sustained in the future; (3) $6,000 in loss of earning capacity sustained in the past; (4) $2,500 physical impairment that will be sustained in the future; and (5) $6,325.50 of medical care incurred in the past. On February 2, 2005, Collins filed a motion to enter judgment. The trial court signed a final judgment awarding Collins $24,825.50.

## Mental Anguish Damages

In his first and second issue on appeal, Roberson argues that the jury erred in awarding past and future mental anguish damages. Specifically, Roberson argues that the jury heard legally and factually insufficient evidence of mental anguish damages. Collins responds that these complaints have been waived because Roberson failed to bring the complaints to the attention of the trial court through an objection to the jury charge, objection to the receipt and filing of the jury verdict, or an objection to discharge of the jury and that Roberson did not file a motion to disregard jury findings, a motion for judgment notwithstanding the verdict ("JNOV"), or a motion for new trial. We agree with Collins that the issues have not been preserved.

Except for fundamental error, to preserve a complaint for appellate review, a party must present to the trial court a timely and specific request, objection, or motion. TEX.R.APP. P. 33.1(a); *Wal–Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex.1999) (per curiam). In particular, to preserve a legal-sufficiency challenge, a party must have specifically raised its complaint in: (1) a motion for instructed ver-

dict; (2) an objection to the submission of a jury question; (3) a motion for judgment notwithstanding the verdict; (4) a motion to disregard the jury's answer to a vital fact question; or (5) a motion for new trial. *Cecil v. Smith,* 804 S.W.2d 509, 510–11 (Tex.1991); *U.S.A. Precision Machining Co. v. Marshall,* 95 S.W.3d 407, 411 (Tex. App.-Houston [1st Dist.] 2002, pet. denied). Similarly, a motion for new trial is required to complain of factual insufficiency of the evidence to support a jury finding. TEX.R. CIV. P. 324(b)(2); *Marshall,* 95 S.W.3d at 411.

Here, the record reflects that Roberson did not preserve his legal sufficiency points through any of the enumerated ways. *See Cecil,* 804 S.W.2d at 510–11. Moreover, Roberson did not file a motion for new trial, thus waiving his factual sufficiency issues. *See* TEX.R. CIV. P. 324(b)(2). Accordingly, Roberson has waived appellate review of his first and second issues on appeal. *See Cecil,* 804 S.W.2d at 510–11; TEX.R. CIV. P. 324(b)(2).

We overrule Roberson's first and second issues.

### Physical Impairment

■ In his third issue on appeal, Roberson argues that the jury erred in awarding future physical impairment damages. Specifically, Roberson argues that the evidence is legally and factually insufficient to support the jury's award of physical impairment damages.

As we previously discussed in his first two issues on appeal, Roberson failed to preserve his legal and factual sufficiency complaints with a proper objection. Thus, Roberson has failed to preserve these issues on appeal. *See Cecil,* 804 S.W.2d at 510–11; *Marshall,* 95 S.W.3d at 411; TEX.R. CIV. P. 324(b)(2).

■ Roberson next argues that the jury's finding of future physical impairment fatally and materially conflicts with its finding of no past physical impairment. Roberson, however, failed to preserve error on this issue when he failed to object to the purported conflict before the jury was discharged. *See St. Paul Fire & Marine Ins. Co. v. Murphree,* 163 Tex. 534, 357 S.W.2d 744, 748–49 (1962) (rendering of judgment on fatally conflicting findings is not fundamental error and can be waived); *Norwest Mortgage, Inc. v. Salinas,* 999 S.W.2d 846, 865 (Tex.App.-Corpus Christi 1999, pet. denied) (holding that, to preserve error, appellant must object to conflict in jury findings before jury is discharged); *City of Port Isabel v. Shiba,* 976 S.W.2d 856, 860 (Tex.App.-Corpus Christi 1998, pet. denied) (holding that City waived any error to allegedly conflicting jury answers when it failed to object before jury was discharged); *Torres v. Caterpillar, Inc.,* 928 S.W.2d 233, 244 (Tex. App.-San Antonio 1996, writ denied) (finding waiver of conflict between no liability finding and 5% causation finding because complaint not raised before jury discharged).

We overrule Roberson's third issue on appeal.

### Photographs

■ In his fourth issue on appeal, Roberson argues that the trial court erred in admitting photographs of Collins's vehicle which showed damages the vehicle sustained in the accident. When Collins introduced the photographs, exhibits two through five, into evidence, Roberson objected, "I don't believe it would be appropriate for me to come in here with photographs of very minor damage and say, 'Look at this minor damage. I don't see any way that this plaintiff could have been injured.' " Roberson also objected that

the photos were not evidence "to support a determination of whether the plaintiff is injured, and they are irrelevant." Without a response from Collins, the trial court stated, "When defendants do offer photographs of cars with no damage, I admit them." The trial court ruled that the photos were admitted.

■■■ The admission or exclusion of evidence is left to the sound discretion of the trial court. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995). This includes specific decisions about the admissibility of photographs. *Kessler v. Fanning*, 953 S.W.2d 515, 522 (Tex.App.-Fort Worth 1997, no pet.). To obtain a reversal, Roberson must not only show that the trial court's substantive ruling admitting evidence was erroneous, but that the ruling was harmful error, *i.e.*, it was calculated to cause and probably did cause the rendition of an improper judgment. *Alvarado*, 897 S.W.2d at 753; *see also* Tex. R.App. P. 44.1(a)(1). In making this determination, the court looks at the entire record. *Alvarado*, 897 S.W.2d at 754. Erroneous evidentiary rulings are usually not harmful unless the case as a whole turns on the particular evidence in question. *Sommers v. Concepcion*, 20 S.W.3d 27, 41 (Tex.App.-Houston [14th Dist.] 2000, pet. denied). Collins testified that his car was totaled and that he had to be pried out of the car. Collins identified exhibits two through five as his totaled car and testified that the photographs fairly and accurately showed how his car looked after the accident. The trial court did not abuse its discretion in admitting the photographs, which relate to the accident's impact. Moreover, Roberson makes no argument that the error, if any, probably caused the rendition of an improper judgment. *See* Tex.R.App. P. 44.1(a)(1).

We overrule Roberson's fourth issue on appeal.

## Defective Judgment

■ In his fifth issue on appeal, Roberson argues that the judgment is defective because reversible and non-reversible damages cannot be distinguished. Specifically, Roberson argues that both physical pain and mental anguish damages were submitted together in question 1.

Rule 272 of the Texas Rules of Civil Procedure requires a party to object to the court's charge, either orally or in writing, before the court reads the charge to the jury. Tex.R. Civ. P. 272; *State Dep't of Highways & Public Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992). If the party does not present the objections to the court before the court reads the charge to the jury, he waives his objection. Tex.R. Civ. P. 274; *F.S. New Products, Inc. v. Strong Indus. Inc.*, 129 S.W.3d 606, 624 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (op. on reh'g). The record must show that the party presented the objections to the court for its ruling. *See F.S. New Products*, 129 S.W.3d at 620. Rule 295 provides that, if the purported verdict is defective, the trial court may direct it to be reformed. Tex.R. Civ. P. 295. If the verdict is incomplete or not responsive to the jury charge questions, or if the answers to the questions are in conflict, then the court shall give further proper written instructions and retire the jury for further deliberations. *Id.*

When the trial court asked for objections to the charge, both sides made no objection. The reporter's record does not contain an objection by either party to receipt of the verdict by the trial court. Other than his appellate complaint, Roberson never raised his jury charge objections with the trial court. *See* Tex.R.App. P. 274 ("Any complaint as to a question ... is waived unless specifically included in the objections."). Accordingly, we hold that

Roberson failed to preserve his complaint for appellate review. *See* Tex.R.App. P. 33.1; *see also C.M. Asfahl Agency v. Tensor, Inc.,* 135 S.W.3d 768, 786 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (holding that failure to object that damages issue was based on wrong measure of damages waived any error as to form or substance of damages issue).

We overrule Roberson's fifth issue on appeal.

### Conclusion

We affirm the judgment of the trial court.