Opinion issued August 3, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00471-CV




DENNIS ROBERSON, Appellant

V.

BENJAMIN COLLINS, Appellee




On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2003-45736




O P I N I O N

          In this personal injury appeal, appellant, Dennis Roberson, challenges a
judgment that awarded $24,825.50 in damages in favor of appellee, Benjamin Collins. 
In five issues on appeal, Roberson argues that (1) the jury erred in awarding past and
future mental anguish damages; (2) the jury erred in awarding future physical
impairment damages; (3) the trial court erred in admitting photographs of the
damaged vehicle; and (4) the judgment of the trial court is defective because the
reversible and non-reversible damages cannot be distinguished. 
          We affirm.
Background
          Collins filed suit for injuries he sustained after Roberson ran a red light and
broadsided his car. Roberson stipulated that his negligence proximately caused the
collision, and the parties proceeded to a jury trial on damages. The jury awarded (1)
$5,000 in physical pain and mental anguish sustained in the past; (2) $5,000 for
physical pain and mental anguish that will be sustained in the future; (3) $6,000 in
loss of earning capacity sustained in the past; (4) $2,500 physical impairment that will
be sustained in the future; and (5) $6,325.50 of medical care incurred in the past. On
February 2, 2005, Collins filed a motion to enter judgment. The trial court signed a
final judgment awarding Collins $24,825.50. 
Mental Anguish Damages
          In his first and second issue on appeal, Roberson argues that the jury erred in
awarding past and future mental anguish damages. Specifically, Roberson argues that
the jury heard legally and factually insufficient evidence of mental anguish damages. 
Collins responds that these complaints have been waived because Roberson failed to
bring the complaints to the attention of the trial court through an objection to the jury
charge, objection to the receipt and filing of the jury verdict, or an objection to
discharge of the jury and that Roberson did not file a motion to disregard jury
findings, a motion for judgment notwithstanding the verdict (“JNOV”), or a motion
for new trial. We agree with Collins that the issues have not been preserved. 
          Except for fundamental error, to preserve a complaint for appellate review, a
party must present to the trial court a timely and specific request, objection, or
motion. Tex. R. App. P. 33.1(a); Wal-Mart Stores, Inc. v. McKenzie, 997 S.W.2d 278,
280 (Tex. 1999) (per curiam). In particular, to preserve a legal-sufficiency challenge,
a party must have specifically raised its complaint in: (1) a motion for instructed
verdict; (2) an objection to the submission of a jury question; (3) a motion for
judgment notwithstanding the verdict; (4) a motion to disregard the jury’s answer to
a vital fact question; or (5) a motion for new trial. Cecil v. Smith, 804 S.W.2d 509,
510–11 (Tex. 1991); U.S.A. Precision Machining Co. v. Marshall, 95 S.W.3d 407,
411 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). Similarly, a motion for new
trial is required to complain of factual insufficiency of the evidence to support a jury
finding. Tex. R. Civ. P. 324(b)(2); Marshall, 95 S.W.3d at 411.
          Here, the record reflects that Roberson did not preserve his legal sufficiency
points through any of the enumerated ways. See Cecil, 804 S.W.2d at 510–11.
Moreover, Roberson did not file a motion for new trial, thus waiving his factual
sufficiency issues. See Tex. R. Civ. P. 324(b)(2). Accordingly, Roberson has waived
appellate review of his first and second issues on appeal. See Cecil, 804 S.W.2d at
510–11; Tex. R. Civ. P. 324(b)(2).
          We overrule Roberson’s first and second issues.
Physical Impairment
          In his third issue on appeal, Roberson argues that the jury erred in awarding
future physical impairment damages. Specifically, Roberson argues that the evidence
is legally and factually insufficient to support the jury’s award of physical impairment
damages. 
          As we previously discussed in his first two issues on appeal, Roberson failed
to preserve his legal and factual sufficiency complaints with a proper objection. 
Thus, Roberson has failed to preserve these issues on appeal. See Cecil, 804 S.W.2d
at 510–11; Marshall, 95 S.W.3d at 411; Tex. R. Civ. P. 324(b)(2). 
          Roberson next argues that the jury’s finding of future physical impairment
fatally and materially conflicts with its finding of no past physical impairment. 
Roberson, however, failed to preserve error on this issue when he failed to object to
the purported conflict before the jury was discharged. See St. Paul Fire & Marine
Ins. Co. v. Murphree, 357 S.W.2d 744, 748–49 (Tex. 1962) (rendering of judgment
on fatally conflicting findings is not fundamental error and can be waived); Norwest
Mortgage, Inc. v. Salinas, 999 S.W.2d 846, 865 (Tex. App.—Corpus Christi 1999,
pet. denied) (holding that, to preserve error, appellant must object to conflict in jury
findings before jury is discharged); City of Port Isabel v. Shiba, 976 S.W.2d 856, 860
(Tex. App.—Corpus Christi 1998, pet. denied) (holding that City waived any error
to allegedly conflicting jury answers when it failed to object before jury was
discharged); Torres v. Caterpillar, Inc., 928 S.W.2d 233, 244 (Tex. App.—San
Antonio 1996, writ denied) (finding waiver of conflict between no liability finding
and 5% causation finding because complaint not raised before jury discharged). 
          We overrule Roberson’s third issue on appeal.
          Photographs
          In his fourth issue on appeal, Roberson argues that the trial court erred in
admitting photographs of Collins’s vehicle which showed damages the vehicle
sustained in the accident. When Collins introduced the photographs, exhibits two
through five, into evidence, Roberson objected, “I don’t believe it would be
appropriate for me to come in here with photographs of very minor damage and say,
‘Look at this minor damage. I don’t see any way that this plaintiff could have been
injured.’” Roberson also objected that the photos were not evidence “to support a
determination of whether the plaintiff is injured, and they are irrelevant.” Without
a response from Collins, the trial court stated, “When defendants do offer
photographs of cars with no damage, I admit them.” The trial court ruled that the
photos were admitted. 
          The admission or exclusion of evidence is left to the sound discretion of the
trial court. City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995). This 
includes specific decisions about the admissibility of photographs. Kessler v.
Fanning, 953 S.W.2d 515, 522 (Tex. App.—Fort Worth 1997, no pet.). To obtain a
reversal, Roberson must not only show that the trial court’s substantive ruling
admitting evidence was erroneous, but that the ruling was harmful error, i.e., it was
calculated to cause and probably did cause the rendition of an improper judgment.
Alvarado, 897 S.W.2d at 753; see also Tex. R. App. P. 44.1(a)(1). In making this
determination, the court looks at the entire record. Alvarado, 897 S.W.2d at 754.
Erroneous evidentiary rulings are usually not harmful unless the case as a whole turns
on the particular evidence in question. Sommers v. Concepcion, 20 S.W.3d 27, 41
(Tex. App.—Houston [14th Dist.] 2000, pet. denied). Collins testified that his car
was totaled and that he had to be pried out of the car. Collins identified exhibits two
through five as his totaled car and testified that the photographs fairly and accurately
showed how his car looked after the accident. The trial court did not abuse its
discretion in admitting the photographs, which relate to the accident’s impact. 
Moreover, Roberson makes no argument that the error, if any, probably caused the
rendition of an improper judgment. See Tex. R. App. P. 44.1(a)(1).
          We overrule Roberson’s fourth issue on appeal.
Defective Judgment
          In his fifth issue on appeal, Roberson argues that the judgment is defective
because reversible and non-reversible damages cannot be distinguished. Specifically,
Roberson argues that both physical pain and mental anguish damages were submitted
together in question 1. 
          Rule 272 of the Texas Rules of Civil Procedure requires a party to object to the
court’s charge, either orally or in writing, before the court reads the charge to the jury. 
Tex. R. Civ. P. 272; State Dep’t of Highways & Public Transp. v. Payne, 838 S.W.2d
235, 241 (Tex. 1992). If the party does not present the objections to the court before
the court reads the charge to the jury, he waives his objection. Tex. R. Civ. P. 274;
F.S. New Products, Inc. v. Strong Indus. Inc., 129 S.W.3d 606, 624 (Tex.
App.—Houston [1st Dist.] 2004, no pet.) (op. on reh’g). The record must show that
the party presented the objections to the court for its ruling. See F.S. New Products,
129 S.W.3d at 620. Rule 295 provides that, if the purported verdict is defective, the
trial court may direct it to be reformed. Tex. R. Civ. P. 295. If the verdict is
incomplete or not responsive to the jury charge questions, or if the answers to the
questions are in conflict, then the court shall give further proper written instructions
and retire the jury for further deliberations. Id.
          When the trial court asked for objections to the charge, both sides made no
objection. The reporter’s record does not contain an objection by either party to
receipt of the verdict by the trial court. Other than his appellate complaint, Roberson
never raised his jury charge objections with the trial court. See Tex. R. App. P. 274
(“Any complaint as to a question . . . is waived unless specifically included in the
objections.”). Accordingly, we hold that Roberson failed to preserve his complaint
for appellate review. See Tex. R. App. P. 33.1; see also C.M. Asfahl Agency v.
Tensor, Inc., 135 S.W.3d 768, 786 (Tex. App.—Houston [1st Dist.] 2004, no pet.)
(holding that failure to object that damages issue was based on wrong measure of
damages waived any error as to form or substance of damages issue).
          We overrule Roberson’s fifth issue on appeal.
Conclusion

          We affirm the judgment of the trial court.




                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Keyes, Alcala, and Bland.