Opinion issued December 21, 2006 



















In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00253-CV






RICK WALKER, Appellant


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee






On Appeal from the 344th District Court

Chambers County, Texas

Trial Court Cause No. 21777






OPINION CONCURRING IN PART AND DISSENTING IN PART


 I concur in this Court's judgment insofar as it reverses the trial court's order
terminating the parental rights of appellant, Rick Walker, to his two children and
renders judgment that Walker's parental rights are not terminated. 

 However, the majority, citing sections 161.205 and 263.404 of the Texas
Family Code, errs in reversing the portion of the trial court's order appointing the
Department of Family & Protective Services ("DFPS") as the "sole managing
conservator" of the children. See Tex. Fam. Code Ann. §§ 161.205, 263.404
(Vernon 2002). Accordingly, I respectfully dissent from this portion of this Court's
judgment and its remanding of the case in part to the trial court "for the limited
purpose of rendering an order disposing of the portion of the petition relating to
Walker consistent with Family Code section 161.205." 

 In a suit to terminate the parent-child relationship, section 161.205 provides
that "[i]f the court does not order termination of the parent-child relationship, the
court shall" deny the petition or render any order in the best interest of the child. Id.
§ 161.205 (emphasis added). In regard to the review of the placement of children
under the care of DFPS, section 263.404 provides that a court "may render a final
order appointing the department as managing conservator of the child without 
terminating the rights of the parent" if the court finds that appointment of a parent as
managing conservator would not be in the child's best interest because the
appointment would significantly impair the child's physical health or emotional
development and it would not be in the child's best interest to appoint a relative or
another person. Id. § 263.404(a) (emphasis added). Here, however, the trial court
actually ordered the termination of Walker's parental rights to his children. Sections
161.205 and 263.404 are simply inapplicable to this appeal, and the majority errs in
utilizing them in this case sua sponte.

 Importantly, in addition to seeking the termination of Walker's parental rights
in its original petition, DFPS requested that the trial court appoint DFPS as sole
managing conservator of the children "[p]ursuant to §§ 153.005 and 263.404, Texas
Family Code." See id. §§ 153.005, 263.404 (Vernon 2002). As noted above, section
263.404 is not applicable here. Section 153.005 provides that in a suit affecting the
parent-child relationship, a court "may appoint a sole managing conservator or may
appoint joint managing conservators." Id. § 153.005. A finding by the court that
appointment of a parent as managing conservator would not be in the child's best
interest because the appointment would significantly impair the child's physical
health or emotional development defeats the presumption that a parent should be
appointed as managing conservator. Id. § 153.131 (Vernon 2002). 

 Here, the trial court ordered the termination of Walker's parental rights to his
children. It also appointed DFPS as the sole managing conservator of Walker's
children "with the rights and duties specified in § 153.371, Texas Family Code; the
Court finding this appointment to be in the best interest of the child[ren]." Although
Walker, in his issues for our review, specifically challenges the trial court's order
terminating his parental rights to his children, he in no way challenges the portion of
the trial court's order appointing DFPS as sole managing conservator of the children
or its finding that the appointment was in the best interest of the children. Thus, the
majority errs in reversing the trial court's appointment on unassigned error. Walling
v. Metcalfe, 863 S.W.2d 56, 58 (Tex.1993); U.S.A. Precision Machining Co. v.
Marshall, 95 S.W.3d 407, 412 n.3 (Tex. App.--Houston [1st Dist.] 2002, pet.
denied).

 Moreover, although we have rendered judgment that Walker's parental rights
to his children are not terminated, the trial court still has continuing, exclusive
jurisdiction in regard to the children in the underlying suit affecting the parent-child
relationship, in which it appointed DFPS as sole managing conservator of the Walker
children. See Tex. Fam. Code Ann. §§ 155.001, 155.002 (Vernon 2002). As a court
with continuing, exclusive jurisdiction, it may exercise its jurisdiction to modify its
order regarding managing conservatorship. Id. § 155.003 (Vernon 2002). Thus, there
is no need of a remand "for the limited purpose of rendering an order disposing of the
portion of the petition relating to Walker consistent with Family Code section
161.205." 


 Terry Jennings 

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Justice Jennings, concurring in part and dissenting in part.