Opinion issued December 21, 2006















In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01232-CV

NO. 01-04-01233-CV

NO. 01-05-00124-CV

NO. 01-05-00126-CV 

NO. 01-05-00127-CV






ERICKA SHANETTE COLBERT, Appellant


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee






On Appeal from the 314th District Court

Harris County, Texas

Trial Court Cause Nos. 1996-43960, 2002-25084, 2004-03601J, 2003-04414J,
& 2003-14864






OPINION CONCURRING IN PART AND DISSENTING IN PART

 In appellate cause numbers 01-04-01232-CV, 01-04-01233-CV, 01-05-00126-CV, and 01-05-00127-CV, I concur in this Court's judgments that reverse the trial
court's orders terminating the parental rights of appellant, Ericka Shanette Colbert,
to her five older children.

 In appellate cause number 01-05-00124-CV, I concur in this Court's judgment
insofar as it reverses the trial court's order terminating the parental rights of Colbert
to her twins and renders judgment that Colbert's parental rights to her twins are not
terminated. However, the majority, citing sections 161.205 and 263.404 of the Texas
Family Code, errs in reversing the portion of the trial court's order appointing the
Department of Family & Protective Services ("DFPS") as the "sole managing
conservator" of the twins. See Tex. Fam. Code Ann. §§ 161.205, 263.404 (Vernon
2002). Accordingly, I respectfully dissent from this portion of this Court's judgment
and its remanding of the case to the trial court "for the limited purpose of rendering
an order disposing of the portion of the petition relating to appellant consistent with
Family Code section 161.205." 

 In a suit to terminate the parent-child relationship, section 161.205 provides
that "[i]f the court does not order termination of the parent-child relationship, the
court shall" deny the petition or render any order in the best interest of the child. Id.
§ 161.205 (emphasis added). In regard to the review of the placement of children
under the care of DFPS, section 263.404 provides that a court "may render a final
order appointing the department as managing conservator of the child without 
terminating the rights of the parent" if the court finds that appointment of a parent as
managing conservator would not be in the child's best interest because the
appointment would significantly impair the child's physical health or emotional
development and it would not be in the child's best interest to appoint a relative or
another person. Id. § 263.404(a) (emphasis added). Here, however, the trial court
actually ordered the termination of Colbert's parental rights to her twins. Sections
161.205 and 263.404 are simply inapplicable to this appeal, and the majority errs in
utilizing them in this case sua sponte.

 Importantly, in addition to seeking the termination of Colbert's parental rights
to her twins in its original petition, DFPS requested that the trial court appoint DFPS
as sole managing conservator of the twins "[p]ursuant to §§ 153.005 and 263.404,
Texas Family Code." See id. §§ 153.005, 263.404 (Vernon 2002). As noted above,
section 263.404 is not applicable here. Section 153.005 provides that in a suit
affecting the parent-child relationship, a court "may appoint a sole managing
conservator or may appoint joint managing conservators." Id. § 153.005. A finding
by the court that appointment of a parent as managing conservator would not be in
the child's best interest because the appointment would significantly impair the
child's physical health or emotional development defeats the presumption that a
parent should be appointed as managing conservator. Id. § 153.131 (Vernon 2002). Here, the trial court ordered the termination of Colbert's parental rights to her
twins. It also appointed DFPS as the sole managing conservator of the twins, finding
"this appointment to be in the best interest of the children," and granting DFPS
specific rights and duties, including those rights and duties afforded to a nonparent
appointed as a sole managing conservator under section 153.371 of the Texas Family
Code. Id. § 153.371 (Vernon Supp. 2006). Although Colbert, in her issues for our
review, specifically challenges the trial court's order terminating her parental rights
to her twins, she in no way challenges the portion of the trial court's order appointing
DFPS as sole managing conservator of the twins or its finding that the appointment
was in the best interest of the children. Thus, the majority errs in reversing the trial
court's appointment on unassigned error. Walling v. Metcalfe, 863 S.W.2d 56, 58
(Tex. 1993); U.S.A. Precision Machining Co. v. Marshall, 95 S.W.3d 407, 412 n.3
(Tex. App.--Houston [1st Dist.] 2002, pet. denied).

 Moreover, although we have rendered judgment that Colbert's parental rights
to her twins are not terminated, the trial court still has continuing, exclusive
jurisdiction in regard to the twins in the underlying suit affecting the parent-child
relationship, in which it appointed DFPS as sole managing conservator of the twins. 
See Tex. Fam. Code Ann. §§ 155.001, 155.002 (Vernon 2002). As a court with
continuing, exclusive jurisdiction, it may exercise its jurisdiction to modify its order
regarding managing conservatorship. Id. § 155.003 (Vernon 2002). Thus, there is
no need of a remand "for the limited purpose of rendering an order disposing of the
portion of the petition relating to appellant consistent with Family Code section
161.205." 



 Terry Jennings 

 Justice


Panel consists of Justices Nuchia, Jennings, and Higley.

Justice Jennings, concurring in part and dissenting in part.