Opinion issued October 31, 2019



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-19-00170-CV

———————————

**PAIGE DUNLAP-BELL, Appellant**

**V.**

**ARVIDAS GYATSYAVICHUS, Appellee**

On Appeal from the 80th District Court
Harris County, Texas
Trial Court Case No. 2016-29870

## MEMORANDUM OPINION

Paige Dunlap-Bell sued Arvidas Gyatsyavichus for injuries she allegedly sustained when his vehicle struck hers. Gyatsyavichus conceded fault for the collision. The sole issue submitted to the jury was the amount of damages, if any, that Dunlap-Bell was entitled to for physical pain and mental anguish, physical

impairment, and medical expenses. The jury awarded Dunlap-Bell no damages. She appeals, contending that the award of no damages is against the great weight and preponderance of the evidence. We affirm.

## BACKGROUND

At trial, Dunlap-Bell and Gyatsyavichus disputed the severity of the collision and whether she had been injured in the collision. They also disputed whether the injuries she claimed had been caused by a later slip-fall accident.

In a unanimous verdict, the jury did not award Dunlap-Bell any damages. In accord with the verdict, the trial court entered a take-nothing judgment. Dunlap-Bell did not move for a new trial or file any other post-judgment motions.

In her sole appellate issue, Dunlap-Bell contends that the jury's finding that she did not suffer personal-injury damages as a result of the collision is against the great weight and preponderance of the evidence. Gyatsyavichus disagrees.

## ERROR PRESERVATION

Excepting fundamental error, error preservation is not optional. *See* TEX. R. APP. P. 33.1(a); *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 510–14 (Tex. 2018). The error asserted by Dunlap-Bell is not fundamental. *See Menchaca*, 545 S.W.3d at 511–12 (fundamental error restricted to errors that are jurisdictional or adversely affect public's—as opposed to parties'—interests).

To raise certain complaints on appeal, a party must first raise them in the trial court in a motion for new trial. TEX. R. CIV. P. 324(b). These complaints include a complaint of factual insufficiency to support a jury finding, a complaint that a jury finding is against the overwhelming weight of the evidence, and a complaint that damages found by a jury are inadequate or excessive. TEX. R. CIV. P. 324(b)(2)–(4). Absent a motion for new trial, these particular complaints are not preserved for appellate review. *See, e.g.*, *In re A.C.*, 394 S.W.3d 633, 639 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (factual sufficiency complaint waived because party did not file motion for new trial); *Roberson v. Collins*, 221 S.W.3d 239, 242 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same).

A complaint that a jury finding is "against the great weight and preponderance of the evidence" is "a complaint about factual sufficiency." *Pitts & Collard, L.L.P. v. Schechter*, 369 S.W.3d 301, 322 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Dunlap-Bell did not file a motion for new trial. She therefore failed to preserve for our review her complaint that the jury's finding of no personal-injury damages is against the great weight and preponderance of the evidence. *See id.* (party waived complaint that jury's award of no attorney's fees was against great weight and preponderance of evidence by not filing motion for new trial); *see also In re C.E.M.*, 64 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (sole way to preserve factual sufficiency complaint is to make it in new-trial motion).

3

Because Dunlap-Bell failed to preserve for appellate review her sole issue, we overrule it. *See* TEX. R. CIV. P. 324(b)(2)–(4); *see also* TEX. R. APP. P. 33.1(a)(1)(B) (compliance with rules of civil procedure required to preserve complaint).

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.