**Rick WALKER and Jessica Rappa, Appellants,**

v.

**DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee.**

No. 01–06–00253–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 21, 2006.

Richard Guy Baker, Baker & Zbranek, P.C., Liberty, TX, Tracey Ann Beecher, Houston, TX, for appellants.

Lana Shadwick, Houston, TX, for appellee.

Panel consists of Justices NUCHIA, JENNINGS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellant Rick Walker's parental rights to his two minor children were terminated after a bench trial. In five issues, Walker contends that the trial court erred in refusing to make findings of fact and conclusions of law (issue 1) and that the evidence is legally and factually insufficient to prove that he (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children (issues 2 through 5). *See* TEX. FAM.CODE ANN. § 161.001(1)(D), (E) (Vernon Supp.2006). We reverse.

### Facts

Chambers County Child Protective Services (CPS) investigated an anonymous tip that Jessica Rappa, the mother of the two children, was leaving the children supervised by numerous different men in a known drug neighborhood. When CPS arrived at Rappa's residence, Rappa answered the door, said she was not "the lady of the house," closed the door, and left by the back door. CPS found the two children alone in a room with a four-to-five inch knife on the floor near them. The younger child was eating from a box of brownie mix. CPS also found on a tabletop a razor blade and an unknown white residue, which was never analyzed to determine if it was contraband. CPS took the children after attempting to place them with other family members.

At the time CPS investigated Rappa, Walker was in jail on pending charges of sexual assault of an unrelated minor. Both Walker and Rappa have convictions for possession of crack cocaine, and Rappa was on parole. No evidence was introduced at trial to establish when Walker committed his prior offenses for possession of a controlled substance. Walker testified at trial that he was not a drug user, but admitted that he had sold drugs.

Appellee Department of Family and Protective Services (DFPS) filed its petition to terminate both Walker's and Rappa's parental rights to the two minor children. After a bench trial, the trial court terminated both parents' rights. Walker and Rappa filed notices of appeal, but Rappa moved to dismiss her appeal. This Court granted Rappa's motion on August 7, 2006 in an interlocutory order.

Following the bench trial, the trial court signed an order terminating Walker's parental rights to the two children on the following grounds:

7.1 The Court finds by clear and convincing evidence that termination of the parent-child relationship between **RICK WALKER** and the child, is in the child's best interest.

7.2 Further, the Court finds by clear and convincing evidence that **RICK WALKER** has:

7.2.1. knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children;

7.2.2. engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children;

Because both Walker's and Rappa's parental rights were terminated, the trial court appointed DFPS as managing conservator of the children, as required by Family Code section 161.207. TEX. FAM.CODE ANN. § 161.207 (Vernon 2002).

## Standard of Review

■ The evidence in support of termination must be clear and convincing before a court may involuntarily terminate a parent's rights. *Santosky v. Kramer,* 455 U.S. 745, 747, 102 S.Ct. 1388, 1391, 71 L.Ed.2d 599 (1982); TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2006). Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM.CODE ANN. § 101.007 (Vernon 2002); *In re J.F.C.,* 96 S.W.3d 256, 264 (Tex.2002). Because termination findings must be based upon clear and convincing evidence, not simply a preponderance of the evidence, the Texas Supreme Court has held that the traditional legal and factual standards of review are inadequate. *In re J.F.C.,* 96 S.W.3d at 264–66. Instead, in conducting a legal-sufficiency review in a termination-of-parental-rights case, we must determine whether the evidence, viewed in the light most favorable to the finding, is such that the fact finder could reasonably have formed a firm belief or conviction about the truth of the matter on which the State bore the burden of proof. *See id.* at 266. In viewing the evidence in the light most favorable to the judgment, we "must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so," and we "should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible." *In re J.P.B.,* 180 S.W.3d 570, 573 (Tex.2005) (quoting *In re J.F.C.,* 96 S.W.3d at 266).

## Grounds for Termination

■ In proceedings to terminate the parent-child relationship brought under Family Code section 161.001, DFPS must establish, by clear and convincing evidence, one or more of the acts or omissions enumerated under subsection (1) of section 161.001 and that termination is in the best interest of the child. TEX. FAM.CODE ANN. § 161.001 (Vernon Supp.2006). Both elements must be established, and termination may not be based solely on the best interest of the child as determined by the trier of fact. *Tex. Dep't of Human Servs. v. Boyd,* 727 S.W.2d 531, 533 (Tex.1987). We will review the sufficiency of the evidence presented under the specific statutory grounds found by the trial court in its termination order. *Cervantes–Peterson v. Tex. Dep't of Family & Protective Servs.,* 221 S.W.3d 244, 252 (Tex.App.-Houston [1st Dist.] 2006, no pet.).

## Sufficiency of the Evidence

In issue 2, Walker argues that the evidence is legally insufficient to support the trial court's termination of his parental rights because DFPS did not present any evidence that Walker (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-being of the children and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children.

■ The evidence at trial was that Walker was in jail at the time CPS investigated and removed the children from Rappa's house. Walker argues that the facts adduced at trial do not constitute legally sufficient evidence that the children were in conditions or surroundings which endangered their physical or emotional well-being, but in any event, there is no evidence that he did or did not do anything to endanger the physical or emotional well-being of the children because he was in jail at that time. The fact that a parent is incarcerated, standing alone, does not constitute engaging in conduct that endangered a child's physical or emotional well-being. *Boyd,* 727 S.W.2d at 533–34.

In its appellate brief, DFPS does not respond to Walker's legal-sufficiency argument by citing to any facts in the record that support termination based on any action or inaction by Walker that endangered the physical or emotional well-being of the children. Our review of the record indicates that (1) Walker was in jail at the time of Rappa's actions that led to the termination of her parental rights and (2) Rappa was the children's mother at the time CPS intervened, therefore establishing she had custody of the children.

■ Accordingly, we hold that the evidence was legally insufficient for a reasonable fact finder to form a "firm belief or conviction" that Walker either (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children and (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children. We further hold that the trial court erred in terminating Walker's parental rights on the ground that he violated section 161.001(1)(D), (E).

We sustain issue 2. Having held that the trial court's findings to terminate Walker's parental rights under section 161.001(1)(D), (E) were not supported by legally sufficient evidence, we need not address issues 1, 3, 4, and 5.

### Disposition

We reverse the portion of the order related to the termination of Walker's parental rights. Because the trial court ap-pointed DFPS as managing conservator of the children under Family Code section 161.207 as a necessary consequence of the termination of both Rappa's and Walker's parental rights, and made no findings to support the appointment of DFPS as managing conservator without the termination of Walker's parental rights under Family Code section 263.404, we also reverse the portion of the order that appointed DFPS as managing conservator. *See* TEX. FAM.CODE ANN. § 263.404 (Vernon 2002) (allowing trial court to appoint DFPS as managing conservator without termination of parental rights when trial court makes specific findings).

When reversing the trial court's judgment or appealable order, we usually render the judgment or order that the trial court should have rendered. TEX.R.APP. P. 43.3. However, in a case involving the involuntary termination of parental rights in which the trial court does not order termination of the parent-child relationship, Family Code section 161.205 requires that the trial court either (1) render an order denying the petition or (2) render any order in the best interest of the child. *See* TEX. FAM.CODE ANN. § 161.205 (Vernon 2002). An appellate court is not in a position to determine whether simply to deny the petition for termination, or to render some other order in the best interest of the child. Circumstances concerning the child or parent may have changed since the trial court rendered its order of termination, a matter that requires a factfinder. We are therefore unable to render a judgment that disposes of all remaining issues in the case and must remand the case in part to the trial court for further proceedings. *See* TEX.R.APP. P. 43.3(a).[1]

---

**1.** We briefly respond to the dissent. First, the Court is returning this case to the trial court with a partial rendition on the issue of termination of parental rights. Family Code section 161.205, although not cited by the parties, is the controlling authority for how the trial court must proceed on remand. While the Court may well be raising the controlling law sua sponte, we are not aware of any authority that prevents us from applying the

Accordingly, we render judgment in part that Walker's parental rights are not terminated, and we remand the case in part to the trial court for the limited purpose of rendering an order disposing of the portion of the petition relating to Walker consistent with Family Code section 161.205.

Justice JENNINGS, concurring in part and dissenting in part.

TERRY JENNINGS, Justice, concurring in part and dissenting in part.

I concur in this Court's judgment insofar as it reverses the trial court's order terminating the parental rights of appellant, Rick Walker, to his two children and renders judgment that Walker's parental rights are not terminated.

However, the majority, citing sections 161.205 and 263.404 of the Texas Family Code, errs in reversing the portion of the trial court's order appointing the Department of Family & Protective Services ("DFPS") as the "sole managing conservator" of the children. *See* TEX. FAM.CODE ANN. §§ 161.205, 263.404 (Vernon 2002). Accordingly, I respectfully dissent from this portion of this Court's judgment and its remanding of the case in part to the trial court "for the limited purpose of rendering an order disposing of the portion of

the petition relating to Walker consistent with Family Code section 161.205."

In a suit to terminate the parent-child relationship, section 161.205 provides that "[i]f the court *does not order* termination of the parent-child relationship, the court shall" deny the petition or render any order in the best interest of the child. *Id.* § 161.205 (emphasis added). In regard to the review of the placement of children under the care of DFPS, section 263.404 provides that a court "may render a final order appointing the department as managing conservator of the child *without terminating* the rights of the parent*" if the court finds that appointment of a parent as managing conservator would not be in the child's best interest because the appointment would significantly impair the child's physical health or emotional development and it would not be in the child's best interest to appoint a relative or another person. *Id.* § 263.404(a) (emphasis added). Here, however, the trial court actually ordered the termination of Walker's parental rights to his children. Sections 161.205 and 263.404 are simply inapplicable to this appeal, and the majority errs in utilizing them in this case sua sponte.

Importantly, in addition to seeking the termination of Walker's parental rights in

law merely because the parties did not cite to it.

Second, the Court is not reversing on unassigned error, which, if true, would be serious error. As previously discussed, the circumstances of this case required the trial court to appoint a managing conservator once both parents' rights were terminated. The error was the termination of Walker's parental rights; the legal consequence of that error was the appointment of DFPS as managing conservator. There is no legal or public policy reason for requiring Walker to object separately in the trial court and raise a separate point of error or issue presented on appeal concerning DFPS's appointment. That point of error or issue presented would necessarily be based on the same legal issue Walker has

already brought before this Court—whether the trial court erred in terminating Walker's parental rights.

Finally, the dissent contends that because the trial court has continuing jurisdiction over the children, it is unnecessary to remand because Walker could ask the trial court to remove DFPS as managing conservatorship of his children. We see no reason to shift the burden to Walker to challenge DFPS's appointment as managing conservator, when under Family Code section 161.205 it is DFPS's burden to challenge Walker on this issue. Walker's rights to his children are constitutionally protected and can only be taken away by appropriate due process and due course of law.

its original petition, DFPS requested that the trial court appoint DFPS as sole managing conservator of the children "[p]ursuant to §§ 153.005 and 263.404, Texas Family Code." *See id.* §§ 153.005, 263.404 (Vernon 2002). As noted above, section 263.404 is not applicable here. Section 153.005 provides that in a suit affecting the parent-child relationship, a court "may appoint a sole managing conservator or may appoint joint managing conservators." *Id.* § 153.005. A finding by the court that appointment of a parent as managing conservator would not be in the child's best interest because the appointment would significantly impair the child's physical health or emotional development defeats the presumption that a parent should be appointed as managing conservator. *Id.* § 153.131 (Vernon 2002).

Here, the trial court ordered the termination of Walker's parental rights to his children. It also appointed DFPS as the sole managing conservator of Walker's children "with the rights and duties specified in § 153.371, Texas Family Code; the Court finding this appointment to be in the best interest of the child[ren]." Although Walker, in his issues for our review, specifically challenges the trial court's order terminating his parental rights to his children, he in no way challenges the portion of the trial court's order appointing DFPS as sole managing conservator of the children or its finding that the appointment was in the best interest of the children. Thus, the majority errs in reversing the trial court's appointment on unassigned error. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993); *U.S.A. Precision Machining Co. v. Marshall,* 95 S.W.3d 407, 412 n. 3 (Tex.App.-Houston [1st Dist.] 2002, pet. denied).

Moreover, although we have rendered judgment that Walker's parental rights to his children are not terminated, the trial court still has continuing, exclusive jurisdiction in regard to the children in the underlying suit affecting the parent-child relationship, in which it appointed DFPS as sole managing conservator of the Walker children. *See* TEX. FAM.CODE ANN. §§ 155.001, 155.002 (Vernon 2002). As a court with continuing, exclusive jurisdiction, it may exercise its jurisdiction to modify its order regarding managing conservatorship. *Id.* § 155.003 (Vernon 2002). Thus, there is no need of a remand "for the limited purpose of rendering an order disposing of the portion of the petition relating to Walker consistent with Family Code section 161.205."