Opinion issued March 15, 2007 





 








In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00752-CV






MALCOLM TROY EARVIN, Appellant


v.


TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
Appellee






On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 2004-07007J




 

CONCURRING OPINION


 I concur in the judgment of this Court and join the majority in its opinion to the
extent that it sustains the first issue of appellant, Malcolm Troy Earvin, and overrules
his fourth issue. I agree that we should affirm the portion of the trial court's decree
assigning the Texas Department of Family and Protective Services ("DFPS") as the
sole managing conservator of Earvin's child and that we should render judgment that
Earvin's parental rights are not terminated. However, the majority erroneously
reasons that a rendition, instead of a remand, is proper "[b]ecause the trial court has
already effectively satisfied the requirements of sections 161.205 and 263.404 of the
Family Code." See Tex. Fam. Code Ann. §§ 161.205, 263.404 (Vernon 2002). 

 In fact, this case serves to illustrate how this Court has previously erred in
remanding parental rights termination cases, after sustaining the parents' challenge
of the legal sufficiency of the evidence supporting termination, in order to address the
separate issue of conservatorship on unassigned error. See Colbert v. Dep't of Family
& Protective Servs., Nos. 01-04-01232-CV, 01-04-01233-CV, 01-05-00124-CV, 01-05-00126-CV, 01-05-00127-CV, 2006 WL 3752371, (Tex. App.--Houston [1st Dist.]
Dec. 21, 2006, no pet. h.); Walker v. Dep't of Family & Protective Servs., No. 01-06-00253-CV, 2006 WL 3751456, (Tex. App.--Houston [1st Dist.] Dec. 21, 2006, no
pet. h.). 

 In a suit to terminate the parent-child relationship, section 161.205 provides
that "[i]f the [trial] court does not order termination of the parent-child relationship,
the court shall" deny the petition or render any order in the best interest of the child. 
Tex. Fam. Code Ann. § 161.205 (emphasis added). In regard to the review of the
placement of children under the care of DFPS, section 263.404 provides that a trial
court "may render a final order appointing the department as managing conservator
of the child without terminating the rights of the parent" if the court finds that
appointment of a parent as managing conservator would not be in the child's best
interest because the appointment would significantly impair the child's physical
health or emotional development and it would not be in the child's best interest to
appoint a relative or another person. Id. § 263.404(a) (emphasis added). Here,
however, the trial court actually ordered the termination of Earvin's parental rights
to his child. Sections 161.205 and 263.404 are simply inapplicable to this appeal.

 In addition to seeking the termination of Earvin's parental rights to his child
in its petition, DFPS requested that the trial court appoint DFPS as sole managing
conservator pursuant to sections 153.005 and 263.404 of the Texas Family Code. See
id. §§ 153.005, 263.404 (Vernon 2002). As noted above, section 263.404 is not
applicable here. Section 153.005 provides that in a suit affecting the parent-child
relationship, a court "may appoint a sole managing conservator or may appoint joint
managing conservators." Id. § 153.005(a). A finding by the court that appointment
of a parent as managing conservator would not be in the child's best interest because
the appointment would significantly impair the child's physical health or emotional
development defeats the presumption that a parent should be appointed as managing
conservator. Id. § 153.131 (Vernon 2002). Here, the trial court ordered the
termination of Earvin's parental rights to his child. It also appointed DFPS as the sole
managing conservator of the child, finding "this appointment to be in the best interest
of the child" and granting DFPS specific rights and duties, including those rights and
duties afforded to a nonparent appointed as a sole managing conservator under
section 153.371 of the Texas Family Code. Id. § 153.371 (Vernon Supp. 2006). As
acknowledged by the majority, the trial court appointed DFPS as conservator
"independent of the termination of Earvin's parental rights." This independent
determination was not made under either section 161.205 or 263.404.

 Earvin, in his issues for our review, has separately challenged the trial court's
order terminating his parental rights to his child and the trial court's order appointing
DFPS as sole managing conservator of the child. We have sustained his challenge
to the legal sufficiency of the evidence supporting the termination of his parental
rights, and we have overruled his challenge of the trial court's order appointing DFPS
as sole managing conservator of the child. 

 Rendition is not proper in this case "[b]ecause the trial court has already
effectively satisfied the requirements of sections 161.205 and 263.404 of the Family
Code." Sections 161.205 and 263.404 are not at all applicable to this case. Rather,
we should render judgment that Earvin's parental rights to his child are not
terminated because that is the judgment that the trial court should have rendered. See
Tex. R. App. P. 43.2(a), (c) (A court of appeals may "affirm the trial court's judgment
in whole or in part" or "reverse the trial court's judgment in whole or in part and
render the judgment that the trial court should have rendered."). 



 Terry Jennings 

 Justice


Panel consists of Justices Jennings, Hanks, and Higley.

Justice Jennings, concurring.